UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK JEFFERY LEE,

        Plaintiff,

v.

SNOHOMISH COUNTY,

        Defendant.

CASE NO. C17-0176JLR

ORDER ON MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Before the court is Defendant Snohomish County's (the 4"County") motion for summary judgment. (MSJ (Dkt. # 14).) Plaintiff Mark Lee filed a response (Resp. (Dkt. # 19)) and the County filed a reply (Reply (Dkt. # 21)). The court has considered the parties' submissions in support of and in opposition to the motion, the relevant portions

//

//

//

ORDER - 1

of the record, and the applicable law. Being fully advised,[1] the court GRANTS in part and DENIES in part the motion.

## II. BACKGROUND

Mr. Lee is a former employee of the Snohomish County Superior Court Denney Juvenile Justice Center ("DJJC"). (Compl. (Dkt. # 1-2) ¶ 4.1.) Specifically, Mr. Lee worked in the Juvenile Detention Alternatives Program ("JDAP"), which provides services for the Snohomish County Juvenile Court, including secure detention, probation, and alternatives to detention. (Finsen Decl. (Dkt. # 16) ¶ 2.) Mr. Lee held a number of positions with the DJJC over his almost 20-year tenure that started in 1996. (Compl. ¶¶ 4.1-4.6.) Mr. Lee's highest and final position he held with the DJJC, which he attained in November 2003, was as the Supervisor of the Juvenile Community Corrections Officers ("JCCO"). (*Id.* ¶ 4.6; Finsen Decl. ¶ 3; *but see* Finsen Decl. ¶ 4 (stating that Mr. Lee started work as the JCCO Supervisor on September 1, 2005).) As the JCCO Supervisor, Mr. Lee's responsibilities included: overseeing officers; monitoring and enforcing behavioral compliance; assuming responsibility for the safety and security of the youth and the community; and performing public relations work to maintain positive relations between the court, clients, clients' parents and guardians, school districts, various professional agencies, and the community at large. (Compl. ¶ 4.10; Finsen Decl. ¶ 3.) The JCCO Supervisor is required, among other things, to understand "group dynamics

---

[1] The parties do not request oral argument (*see* MSJ at 1; Resp. at 1), and the court determines that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

and de-escalation skills," have the ability to "establish and maintain a rapport with juveniles," and "communicate with juveniles in ways that are both supportive and direct." (Finsen Decl. ¶ 3, Ex. A.)

In addition to working as the JCCO Supervisor, Mr. Lee and his wife were foster parents. (Compl. ¶ 4.7.) In November 2008, Mr. Lee's residence burned down, killing two of his foster children. (*Id.* ¶ 4.8.) Mr. Lee was diagnosed with Post Traumatic Stress Disorder ("PTSD") after this incident. (*Id.* ¶ 4.9.)

According to Mr. Lee, he was not subject to a single disciplinary action from DJJC between 1996 and 2011. (*Id.* ¶ 4.27.) However, starting in early 2012, Mr. Lee received several reprimands while under the management of Margie Holloway.[2] (*Id.* ¶¶ 4.27-4.28, 4.36, 4.47, 4.48.) One such reprimand occurred when Mr. Lee implemented a new attendance and reporting policy in order to resolve discrepancies in the existing system, which were causing some youth to be suspended from the program and transferred to secure detention while other youth were receiving credit for time they did not actually serve. (*Id.* ¶¶ 4.32-4.33.) Ms. Holloway received complaints about Mr. Lee's new attendance policy from other DJJC staff, which led to a written disciplinary memo. (*Id.* ¶¶ 4.34-4.36.)

On May 22, 2014, Mr. Lee conducted an orientation presentation with youth in a JDAP classroom. (*Id.* ¶ 4.53; Finsen Decl. ¶ 5.) Mr. Lee had given this same presentation hundreds of times. (Compl. ¶ 4.53.) On this occasion, however, witnesses

---

[2] Ms. Holloway's specific role at the DJJC is not defined in the record. (*See generally* Dkt.)

ORDER - 3

described Mr. Lee's presentation as "loud, angry, mocking, short, antagonizing, and aggressive." (Finsen Decl. ¶ 5.) On June 19, 2014, Mr. Lee was placed on administrative leave because of the presentation. (Compl. ¶ 4.54.) On April 30, 2015, following notice of and opportunity for a pre-disciplinary hearing, Mr. Lee's employment was terminated because of his orientation presentation. (Finsen Decl. ¶ 5, Ex. B.) Mr. Lee "grieved his termination through several steps, culminating in a post-deprivation hearing in front of Superior Court Judge Michael Downes." (*Id.* ¶ 6.) Judge Downes issued a written decision on March 23, 2016, affirming Mr. Lee's termination. (*Id.*; Comer Decl. (Dkt. # 15) ¶ 2, Ex. A ("Downes Decision").) Because Mr. Lee was not a union member between the time of the orientation presentation on May 22, 2014, and his termination on April 30, 2015, the grievance hearing in front of Judge Downes was processed under the Snohomish County Superior Court Human Resources Guidelines and the authority of General Rule 29. (*See* Finsen Decl. ¶¶ 7-8, Exs. C-D; Downes Decision.) Subsequent to his termination, Mr. Lee has pursued other jobs within the Snohomish County Corrections Division but was told to stop applying in part because of feedback from DJJC employees. (Comp. ¶ 4.60.)

On August 1, 2016, Mr. Lee filed a statutory claim for damages with the Snohomish County Risk Manager. (*See* Comer Decl. ¶ 3, Ex. B ("Claim for Damages").) Mr. Lee's claim for damages reads:

> Mr. Lee was wrongfully terminated from his long term employment with Snohomish County Superior Court, Juvenile Division on April 30, 2015. Mr. Lee attempted to participate in the Superior Court's grievance process. The grievance process used was neither the process created by Human Resources,

> nor a Union process. The grievance process was finalized, by written ruling, on March 23, 2016.
>
> Mr. Lee is believed and therefore alleged to have been fired for "blowing the whistle" on the corruption in the Department. Mr. Lee observed, and reported, documents relating to the detention of juveniles that were knowingly inaccurate, and presented to Superior Court as true and accurate. The inaccurate records covered up the truth that the requisite supervision of juveniles in the JDAP program, juveniles received credit for time they did not serve [sic].
>
> Mr. Lee is believed and therefore alleged to have suffered a near immediate increase in disciplinary actions taken against him after raising the internal corruption. Mr. Lee was held to a different standard than coworkers. The county was aware of his disability and exploited, rather than accommodated him in the last few years preceding his termination.
>
> Mr. Lee has suffered loss of earnings. Mr. Lee has endured mental anguish and loss of status in his professional field.

(Claim for Damages at 6.) On December 29, 2016, Mr. Lee brought suit in King County Superior Court, alleging the following causes of action: (1) due process violation under 42 U.S.C. § 1983; (2) retaliation under RCW 51.48.025; (3) negligent infliction of emotional distress; (4) discrimination on the basis of his PTSD disability under RCW 49.60.180; (5) age discrimination; (6) contract violation; (7) failure to provide a pre-termination hearing as required by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985); (8) portrayal in a false light; and (9) defamation. (*See* Compl. ¶¶ 5.1-13.3.) On January 19, 2017, while the case was still in state court, Mr. Lee filed the Declaration of Service of Debra Gorecki, a registered process server, stating that she personally served Mr. Lee's summons and complaint on Diane Baer at the Snohomish County Risk Management Office ("Risk Management Office") instead of on the County Auditor as

//

specified by Washington law. (Declaration of Service (Dkt. # 4-1) at 43); *see* RCW 4.28.080(1).

The County removed this case to federal court on February 6, 2017. (*See* Not. of Removal (Dkt. # 1).) On March 23, 2017, the County filed its answer to Mr. Lee's complaint, in which it pleaded that the court "lacks jurisdiction over the person of Defendant ([i]nsufficiency of process and insufficiency of service of process)"; that Mr. Lee "failed to follow statutory claim filing requirements"; and that Mr. Lee "failed to state a claim upon which relief may be granted," among other affirmative defenses. (*See* Answer (Dkt. # 7) at 15-16.) The parties filed their joint status report with the court on May 4, 2017, in which the County specified that "[a]ll parties have not been served." (JSR (Dkt. # 10) at 5.) Mr. Lee did not seek to clarify with the County why it alleged that service had not been accomplished. (Moody Decl. (Dkt. # 20) at 2.)

The County's present motion for summary judgment requests that the court: (1) dismiss Mr. Lee's claims, or order him to serve the County, because service on the Risk Management Office is improper; (2) dismiss Mr. Lee's causes of action of negligent infliction of emotional distress, defamation, false light, and age discrimination for failure to satisfy the statutory claims filing requirements; and (3) dismiss Mr. Lee's breach of contract claim because Mr. Lee was not a member of the union during the operative time and was not entitled to the statutory protections that he alleged. (MSJ at 6.) In his response, Mr. Lee admits that, upon further review, his contract violation claim is improper and he therefore agrees to dismissal of this claim. (Resp. at 6.) On December 12, 2017, while the County's motion for summary judgment was still pending, Mr. Lee

accomplished service on the County Auditor. (*See* Proof of Service (Dkt. # 25) at 2.) The court now addresses the County's motion.

### III. ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Galen v. Cty. of L.A.*, 477 F.3d 652, 658 (9th Cir. 2007). The moving party bears the initial burden of showing there is no genuine issue of material fact and that he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. If the moving party meets his or her burden, then the nonmoving party "must make a showing sufficient to establish a genuine dispute of material fact regarding the existence of the essential elements of his case that he must prove at trial" in order to withstand summary judgment. *Galen*, 477 F.3d at 658. A fact is "material" if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "'genuine' only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992 (9th Cir. 2001) (citing *Anderson*, 477 U.S. at 248-49).

In determining whether the fact-finder could reasonably find in the nonmoving party's favor, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Nevertheless, the

nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

The court may only consider admissible evidence when ruling on a motion for summary judgment. *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773-75 (9th Cir. 2002). "Conclusory allegations unsupported by factual data cannot defeat summary judgment." *Rivera v. Nat'l R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003).

**B.      Service of Process**

For the following reasons, the court finds that Mr. Lee's January 19, 2017, service on the Risk Management Office was improper. (*See* Declaration of Service at 43.) In addition, the court finds that Mr. Lee has failed to show good cause for his insufficient service. Nonetheless, the court both grants Mr. Lee an extension to accomplish service and finds that Mr. Lee's December 12, 2017 (*see* Proof of Service at 2), service satisfies his service obligations.

In Washington, a plaintiff suing a county must serve the County Auditor with the summons. RCW 4.28.080(1). "Washington courts require strict compliance with the state's service of process requirements." *Whidbee v. Pierce Cty.*, 857 F.3d 1019, 1021 (9th Cir. 2017). "Service on anyone other than the Auditor is insufficient." *Nitardy v. Snohomish Cty.*, 712 P.2d 296, 297 (Wash. 1986). "When a case is removed from state

//

court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee*, 857 F.3d at 1023.

However, in all cases removed from state court to federal district court in which service was defective or not perfected prior to removal, a plaintiff may accomplish service after removal by serving process "in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. Federal Rule of Civil Procedure 4 governs service of process in federal court. *See* Fed. R. Civ. P. 4. Rule 4(m) provides that the complaint should be dismissed after 90 days unless "good cause" is shown to extend the service period:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.* 4(m). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks omitted) (quoting *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984)). "Thus, unlike Washington law, federal law does not require strict compliance with service requirements." *Whidbee*, 857 F.3d at 1023.

Mr. Lee does not contest that his January 19, 2017, service on the Risk Management Office, and not the Auditor, fails to comply with RCW 4.28.080(1). (*See generally* Resp.) It is well-established that service on the Risk Management Office in lieu of the Auditor is insufficient under Washington law. *See Whidbee*, 857 F.3d at

1023-25; *see also Nitardy*, 712 P.2d at 134-35. Accordingly, the court finds that Mr. Lee's service on the Risk Management Office was improper under RCW 4.28.080(1).

However, pursuant to Rule 4(m), after the County removed this action to federal court on February 6, 2017, Mr. Lee had an additional 90 days to perfect service. *See* 8 U.S.C. § 1448; Fed. R. Civ. P. 4(m). But Mr. Lee did not cure the service deficiency within that 90-day period either. (*See generally* Dkt.) Although Mr. Lee eventually accomplished service on the County Auditor on December 12, 2017 (*see* Proof of Service at 2)—more than 200 days past the 90-day deadline—that tardy service does not satisfy the federal service rules. *See, e.g., Diaz-Rivera v. Supermercados Econo Inc.*, 18 F. Supp. 3d 130, 134 (D.P.R. 2014) (explaining that service 28 days past the deadline does not meet Rule 4(m)'s requirements).

The court therefore must decide whether to extend the time for service or dismiss this action. In deciding whether to dismiss a case or extend the time period for service under Rule 4(m), the court employs a two-step analysis. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). First, if there is a showing of good cause for the delay, the court must extend the time period. *Id.* Second, if there is no showing of good cause, the court has discretion to either dismiss without prejudice or extend the time period. *Id.*

Good cause may be demonstrated by establishing, at a minimum, excusable neglect. *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). Four factors are relevant to the determination of excusable neglect: "(1) danger of prejudice [to the defendant], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the

[plaintiff], and (4) whether the [plaintiff] acted in good faith." *In re Sheehan*, 253 F.3d 507, 514 (9th Cir. 2001). However, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Thus, the Ninth Circuit has held that attorney error is not excusable neglect. *See, e.g., Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994) (holding that an attorney's mistake of law interpreting the time to file a post-trial motion did not constitute excusable neglect).

Mr. Lee's efforts do not meet the good cause standard. Mr. Lee's counsel, Rodney Moody, blames the improper service on his process server, North Sound Due Process, LLC ("North Sound"). (*See* Moody Decl. at 1-2.) Mr. Moody instructed North Sound to serve "Sno. Co.," without specifying who at the County it should serve. (*Id.* at 2, Ex. A.) According to Mr. Moody, "[n]o further direction was provided based upon [his] years of history with North Sound." (*Id.* at 2.) The County, however, informed Mr. Lee on at least two occasions that service was ineffective: First, on March 23, 2017, the County pleaded "[i]nsufficiency of process and insufficiency of service of process" as an affirmative defense in its answer. (Answer at 16.) Second, on May 4, 2017, the County explained that "[a]ll parties have not been served" in the joint status report. (JSR at 5.) Nonetheless, Mr. Lee did not attempt to perfect service, let alone clarify the issue with the County. (*See* Moody Decl. at 2.) Mr. Moody never even checked North Sound's declaration of service to make sure service was proper. (Resp. at 3 ("[G]iven the professional working relationship [with North Sound] it simply did not occur to Counsel to check in the declaration of service to ensure that the Auditor's office had been

served.").) In sum, examining all the evidence before the court, Mr. Lee has not demonstrated good cause.

Nevertheless, the court has discretion to grant an extension of time even in the absence of good cause. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) ("On its face, Rule 4(m) does not tie the hands of the district court to grant an extension of time to serve the complaint after the [90]-day period."). The court's discretion to extend time for service under Federal Rule 4(m) is broad. *Henderson v. United States*, 517 U.S. 654, 661 (1996) (noting that Rule 4's time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance.") However, it is not limitless. *Efaw*, 473 F.3d at 1041. In making discretionary extension decisions under Rule 4(m), a district court may consider factors "like a statute of limitations bar, prejudice to the defendant, actual notice of the lawsuit, and eventual service." *Id.* (*citing Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)); *accord Scott v. Sebelius*, 379 F. App'x 603, 604 (9th Cir. 2010); *see also Mann*, 324 F.3d at 1090-91 (explaining that the failure to serve process within Rule 4(m)'s 90-day period "does not affect the tolling of the statute of limitations unless the failure to serve process causes the district court to dismiss the action.").

Here, it is appropriate to extend the deadline for service. The County does not allege that it would be prejudiced if the court granted Mr. Lee an extension. (*See generally* MSJ; Reply.) Additionally, the County has had actual notice of Mr. Lee's lawsuit since early February 2017, at the latest. (*See* Not. of Removal (attaching Compl.); *see generally* Dkt.) Mr. Lee has also now accomplished service, albeit more

than 200 days late. (*See* Proof of Service at 2.) And given the amount of time since Mr. Lee first attempted service in January 2017, dismissal could implicate the applicable statutes of limitations.

Thus, the court both grants Mr. Lee a time extension to accomplish service and finds that Mr. Lee's December 12, 2017, service satisfies his service obligations. *See* Fed. R. Civ. P. 4; (Proof of Service.) Mr. Lee's service allows the court to reach the County's remaining arguments. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

## C. Claims Filing Statute

Washington law requires a plaintiff to follow a pre-notice procedure before filing a suit for damages against a local government entity. *See* RCW 4.96.020(1). In short, a plaintiff must present the local government entity with his claim for damages 60 days before commencing a lawsuit. RCW 4.96.020(2), (4); *see also Hintz v. Kitsap Cty.*, 960 P.2d 946, 948 (Wash. Ct. App. 1998) (describing compliance with the claims notice form as a "condition precedent" to filing a lawsuit). "[O]ne of the purposes of the claim filing provisions is to allow government entities time to investigate, evaluate, and settle claims" before the claims are brought in court. *Medina v. Pub. Util. Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 997 (Wash. 2002); *see also Hintz*, 960 P.2d at 948 ("The claim filing condition precedent serves the important function of fostering inexpensive settlements of tort claims."). Thus, the plaintiff's claim for damages must include, among other things, "[a] description of the conduct and the circumstances that brought about the injury or

than 200 days late. (*See* Proof of Service at 2.) And given the amount of time since Mr. Lee first attempted service in January 2017, dismissal could implicate the applicable statutes of limitations.

Thus, the court both grants Mr. Lee a time extension to accomplish service and finds that Mr. Lee's December 12, 2017, service satisfies his service obligations. *See* Fed. R. Civ. P. 4; (Proof of Service.) Mr. Lee's service allows the court to reach the County's remaining arguments. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

## C. Claims Filing Statute

Washington law requires a plaintiff to follow a pre-notice procedure before filing a suit for damages against a local government entity. *See* RCW 4.96.020(1). In short, a plaintiff must present the local government entity with his claim for damages 60 days before commencing a lawsuit. RCW 4.96.020(2), (4); *see also Hintz v. Kitsap Cty.*, 960 P.2d 946, 948 (Wash. Ct. App. 1998) (describing compliance with the claims notice form as a "condition precedent" to filing a lawsuit). "[O]ne of the purposes of the claim filing provisions is to allow government entities time to investigate, evaluate, and settle claims" before the claims are brought in court. *Medina v. Pub. Util. Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 997 (Wash. 2002); *see also Hintz*, 960 P.2d at 948 ("The claim filing condition precedent serves the important function of fostering inexpensive settlements of tort claims."). Thus, the plaintiff's claim for damages must include, among other things, "[a] description of the conduct and the circumstances that brought about the injury or

than 200 days late. (*See* Proof of Service at 2.) And given the amount of time since Mr. Lee first attempted service in January 2017, dismissal could implicate the applicable statutes of limitations.

Thus, the court both grants Mr. Lee a time extension to accomplish service and finds that Mr. Lee's December 12, 2017, service satisfies his service obligations. *See* Fed. R. Civ. P. 4; (Proof of Service.) Mr. Lee's service allows the court to reach the County's remaining arguments. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.").

## C. Claims Filing Statute

Washington law requires a plaintiff to follow a pre-notice procedure before filing a suit for damages against a local government entity. *See* RCW 4.96.020(1). In short, a plaintiff must present the local government entity with his claim for damages 60 days before commencing a lawsuit. RCW 4.96.020(2), (4); *see also Hintz v. Kitsap Cty.*, 960 P.2d 946, 948 (Wash. Ct. App. 1998) (describing compliance with the claims notice form as a "condition precedent" to filing a lawsuit). "[O]ne of the purposes of the claim filing provisions is to allow government entities time to investigate, evaluate, and settle claims" before the claims are brought in court. *Medina v. Pub. Util. Dist. No. 1 of Benton Cty.*, 53 P.3d 993, 997 (Wash. 2002); *see also Hintz*, 960 P.2d at 948 ("The claim filing condition precedent serves the important function of fostering inexpensive settlements of tort claims."). Thus, the plaintiff's claim for damages must include, among other things, "[a] description of the conduct and the circumstances that brought about the injury or

damage," "[a] description of the injury or damage," and "[a] statement of the time and place that the injury or damage occurred." RCW 4.96.020(3). The content of a plaintiff's claim for damages form "must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020(5); *see also Hintz*, 960 P.2d at 948. The substantial compliance rule has two "necessary conditions": (1) the plaintiff must make a "sufficient bona fide attempt to comply with the law, notwithstanding the attempt is defective in some particular"; and (2) the plaintiff's "attempt at compliance must actually accomplish the statutory purpose, which is to give the governmental entity such notice as will enable it to investigate the cause and character of the injury." *Renner v. City of Marysville*, 187 P.3d 283, 287 (Wash. Ct. App. 2008); *see also Lee v. Metro Parks Tacoma*, 335 P.3d 1014, 1017 (Wash. Ct. App. 2014) ("Substantial compliance of a statutory requirement means that the statute has been followed sufficiently so as to carry out the intent for which the statute was adopted." (internal citations omitted)). In other words, a plaintiff does not substantially comply with RCW 4.96.020 if he omits several pieces of required information such that the claim for damages "failed to fulfill the purpose of the statute . . . provid[ing] the county with the information necessary to investigate the claim." *Renner v. City of Marysville*, 230 P.3d 569, 572 (Wash. 2010). Claims that are not properly noticed under the statute will be dismissed. *Hintz*, 960 P.2d at 948.

The County argues that Mr. Lee did not substantially comply with the statute for his claims of negligent infliction of emotional distress, defamation, false light, and age discrimination. (MSJ at 8-11.) Mr. Lee contends that his mention of "mental anguish"

and "emotional damages" properly notified the County of his negligent infliction of emotional distress claim. (Resp. at 5; Claim for Damages at 6.) He further argues that by writing "loss of his status in his professional field," he "clearly placed the County on notice of a cause of action for both defamation and false light." (*Id.*) Lastly, Mr. Lee claims that, although he did not explicitly identify age discrimination in his claim for damages form, he nonetheless substantially complied with the statute by listing Mr. Malcolm as a witness on the form because Mr. Malcolm was below the age of 40 and was allegedly promoted to replace Mr. Lee. (Resp. at 6; Claim for Damages at 7; *see* Compl. ¶ 4.56.)

The court has found little guidance on what it means to make a "bona fide attempt to comply with" RCW 4.96.020. But assuming that Mr. Lee's claim for damages was a bona fide attempt, the court finds that there is no genuine dispute of material fact that Mr. Lee's claim for damages did not accomplish the statute's purpose of giving the County notice of his claims of defamation, false light, negligent infliction of emotional distress, and age discrimination as would enable the County to investigate the those claims. These causes of action are therefore dismissed.

*Wurts v. City of Lakewood* is instructive. No. C14-5113BHS, 2015 WL 1954663 (W.D. Wash. Apr. 29, 2015). In *Wurts*, the plaintiff presented a claim for damages to the defendant city, alleging that he was "terminated for his protected conduct and actions as union president," and that he "suffered an adverse employment action and termination as a result of discrimination." *Id.* at *4. The plaintiff then filed a lawsuit that alleged discrimination based on his sexual orientation. *Id.* at *3. The *Wurts* court explained that,

because the plaintiff "only explicitly refer[red] to discrimination based on his union activities" while "mak[ing] no mention whatsoever of any other type of discrimination," the plaintiff failed to alert the defendant that any other type of discrimination allegedly occurred. *Id.* at *5. Because the city was deprived of the opportunity to investigate and evaluate the claim, the purpose of the claims filing statute was undermined, and the sexual orientation discrimination claim must be dismissed. *Id.* The *Wurts* court further explained that, even assuming the claim for damages put the city on notice of the sexual discrimination claim, the plaintiff's failure to mention details of his claim that are required by RCW 4.96.020(3), such as "the type of injury, when the injury occurred, or the names of the persons involved," also defeated the purpose of the statute and compelled dismissal. *Id.*

Like *Wurts*, Mr. Lee's mention of disability discrimination arising from his PTSD—"[t]he county was aware of his disability and exploited it, rather than accommodated him in the last few years preceding his termination" (Claim for Damages at 6)—did not notify the County of a claim for age discrimination. Nor, as Mr. Lee contends, does listing Mr. Malcolm as 1 of 79 witnesses without stating his age or including the fact that he replaced Mr. Lee at the DJJC satisfy the requirement. (*See id.* at 6-8; Resp. at 6.)

Likewise, Mr. Lee's cursory mention of "mental anguish," "emotional damages," and "loss of his status in his professional field" did not notify the County of his claims for negligent infliction of emotional distress, defamation, or false light. (*See* Claim for Damages at 6.) In addition to not stating these causes of action by name, Mr. Lee does

not describe the conduct that underlies these acts, the people who committed these acts, or when these acts occurred, as required by the statute. (*See id.*); RCW 4.96.020(3). In other words, if mentioning "discrimination" is insufficient to put a government entity on notice of all discrimination claims, *see Wurts*, 2015 WL 1954663, at *5, then mentioning "emotional damages," "mental anguish," and "loss of status," without more, is similarly insufficient to put the County on notice of claims for negligent infliction of emotional distress, defamation, or false light (*see* Claim for Damages at 6). The purpose of RCW 4.96.020 was therefore frustrated because the County did not have the opportunity to investigate or evaluate these claims. *See also Renner*, 230 P.3d at 572 (explaining that a claim for damages does not satisfy RCW 4.96.020 if it fails to provide the government entity with the information necessary to investigate the claim).

The court finds that there is no genuine dispute of material fact that Mr. Lee failed to substantially comply with RCW 4.96.020 for his claims of negligent infliction of emotional distress, defamation, false light, and age discrimination. Thus, the court dismisses these claims with prejudice.

**D.    Contract Violation Claim**

The County also seeks to dismiss Mr. Lee's breach of contract claim because Mr. Lee was not a member of the union during the operative time and because he did not enjoy employment protection under the parts of the Snohomish County Code that his claim implicates. (MSJ at 11-14.) Mr. Lee admits that, upon further review, he does not qualify for protection under the Snohomish County Code and agrees that his contract claim should be dismissed. (Resp. at 6.) The court finds that there is no genuine dispute

of material fact that Mr. Lee's employment was not protected under the parts of the Snohomish County Code that his claim arises under, and therefore dismisses this claim with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part the County's motion for summary judgment (Dkt. # 14). Specifically, the court DENIES the County's request to dismiss the case in its entirety; GRANTS Mr. Lee a time extension to effectuate proper service, which the court finds that Mr. Lee has accomplished (*see* Dkt. # 25); GRANTS the County's motion with respect to the claims filing statute and DISMISSES Mr. Lee's claims for negligent infliction of emotional distress, defamation, false light, and age discrimination with prejudice; and GRANTS the County's motion with respect to Mr. Lee's contract violation claim and DISMISSES this claim with prejudice.

Dated this 6th day of March, 2018.

JAMES L. ROBART
United States District Judge